**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   15-cr-289 RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. STEPHEN JOSEPH RAY, a/k/a RICHARD BROWN, a/k/a TERRY THOMPSON

    Defendant.

# INDICTMENT

FAILURE TO DISCLOSE EVENT AFFECTING ENTITLEMENT TO
SOCIAL SECURITY BENEFITS
SOCIAL SECURITY ACT § 1632(A)(3)

UNLAWFUL TRANSFER OF IDENTIFICATION DOCUMENT
18 U.S.C. § 1028(A)(2)

UNLAWFUL POSSESSION OF IDENTIFICATION DOCUMENT
18 U.S.C. § 1028(A)(4)

AGGRAVATED IDENTITY THEFT
18 U.S.C. § 1028A(A)(1)

    The Grand Jury charges:

**Count 1: Failure to Disclose Event Affecting Entitlement to Social Security Benefits**

    1.   Beginning in or about 2012 and continuing until in or about 2014, in the State and District of Colorado, Defendant, having knowledge that he was and had been working and earning income, concealed and failed to disclose that work

activity with the intent to fraudulently secure payment of benefits under Title XVI of the Social Security Act in a greater amount than was due and when no such benefits were authorized.  This conduct violated Social Security Act § 1632(a)(3), 42 U.S.C. § 1383a(a)(3) (2012).

### Counts 2–3: Unlawful Transfer of Identification Document

2. In or about April 2012, in the State and District of Colorado, Defendant did knowingly transfer an identification document, to wit, an identification card issued by the State of Colorado, knowing that such document was produced without lawful authority.  This identification document was transported in the mail in the course of the unauthorized production and transfer, and the offense involved the production and transfer of an identification document that is a personal identification card.  This conduct violated 18 U.S.C. §§ 1028(a)(2), (b)(1)(A)(ii) (2012).

3. In or about March 2014, in the State and District of Colorado, Defendant did knowingly transfer an identification document, to wit, an identification card issued by the State of Colorado, knowing that such document was produced without lawful authority.  This identification document was transported in the mail in the course of the unauthorized production and transfer, and the offense involved the production and transfer of an identification document that is a personal identification card.  This conduct violated §§ 1028(a)(2), (b)(1)(A)(ii).

### Counts 4–5: Unlawful Possession of Identification Document

4. On or about May 15, 2014, in the State and District of Colorado, Defendant knowingly possessed a Colorado identification card that was not lawfully issued for his use, with the intent such document be used to defraud the United States.  This conduct violated 18 U.S.C. § 1028(a)(4) (2012).

5. On or about August 15, 2014, in the State and District of Colorado, Defendant knowingly possessed a Colorado identification card that was not lawfully issued for his use, with the intent such document be used to defraud the United States. This conduct violated § 1028(a)(4).

### Counts 6–8: Aggravated Identity Theft

6. On or about April 24, 2012, in the State and District of Colorado, Defendant, during and in relation to the violation described in Count 2 above, knowingly used, without lawful authority, a means of identification of another person in that he used the name and Louisiana birth certificate number of R.B. to obtain a Colorado-issued identification document. This conduct violated 18 U.S.C. § 1028A(a)(1) (2012).

7. On or about May 15, 2014, in the State and District of Colorado, Defendant, during and in relation to the violation described in Count 1 above, knowingly used, without lawful authority, a means of identification of another person in that he used the name and Social Security number of R.B. to apply for a job with U-Trau, Inc. This conduct violated § 1028A(a)(1).

8. On or about June 15, 2014, in the State and District of Colorado, Defendant, during and in relation to the violation described in Count 1 above, knowingly used, without lawful authority, a means of identification of another person in that he used the name and Social Security number of R.B. to apply for a job with Ad-Wear Advertising. This conduct violated § 1028A(a)(1).

### Notice of Forfeiture

9. Upon conviction of any of the offenses alleged in Counts 2–5 of this indictment, Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982 (2012), any property constituting, or derived from, proceeds Defendant

obtained, directly or indirectly, as the result of such violation, including (but not limited to) a money judgment equal to the amount of proceeds obtained by Defendant.

10.   Upon conviction of any of the offenses alleged in Counts 3–6 of this indictment, Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 1028(b)(5) (2012), any personal property used or intended to be used to commit the offense, including (but not limited to) any identity documents in any name other than Defendant's legal name.

11.   If any of the property described in ¶¶ 9–10, as a result of any act or omission of Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to § 982, as appropriate, to seek forfeiture of any other property of Defendant, up to the value of the forfeitable property described above.

A TRUE BILL

<u>Ink signature on file in Clerk's Office</u>
***Foreperson***

*John F. Walsh*
United States Attorney


*s/Daniel E. Burrows*  _____
**Daniel E. Burrows**
U.S. Attorney's Office
1225 17th St.
Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0409
E-mail: daniel.burrows@usdoj.gov
Special Assistant U.S. Attorney